## Commonwealth, At Suggestion of Mason et al., Plffs. in Err., v. Peter B. Smith, et al.

Appeal taken from a justice's judgment supersedes an execution already issued upon it, even though a levy has been made, and leaves the sheriff at liberty to sell the property and make distribution among junior executions.

Should it appear that such appeal was taken fraudulently and in order to give the junior creditors a preference, the debtor taking it is answerable therefor, and not the sheriff and his sureties.

(Decided May 10, 1886.)

NOTE.—For right to prefer creditors see notes to Nusbaum v. Louchheim Bros. 1 Sad. Rep. 106, and Covanovan's Appeal, *ante,* 79.

The appeal from the judgment of the justice destroys the lien of the levy on goods made by virtue of execution on the judgment (Cope's Appeal, 39 Pa. 284), provided the appeal is taken in time (Dailey v. Mayer, 2 Legal Gaz. 223). A sale by the constable after notice of the appeal passes no title. O'Donnell v. Mullin, 27 Pa. 199, 67 Am. Dec. 458. But the rule is otherwise where no notice has been given and the appeal, though taken, was not perfected. Kramer v. Wellendorf, 129 Pa. 547, 18 Atl. 525.

Error to the Common Pleas of Clinton County to review a judgment for defendants in an action of debt upon a bond. Affirmed.

R. F. Sloan, doing business under the firm name of R. F. Sloan & Company, owned a stock of goods which were kept in a storeroom in the city of Lock Haven, where he carried on business. The plaintiffs in this action, having claims against him, sued him before an alderman and obtained judgments on February 28, 1884. Executions issued upon these judgments were placed in the hands of a constable and levied upon the goods on the same day. On March 14 a levy was made upon the same goods by the sheriff, under a judgment in favor of Hallock, Cary & Company.

By virtue of a single bill with warrant of attorney to confess judgment, dated March 12, Alexander Sloan, father of defendant, on March 14 entered a judgment against him for the sum of $4,638 and placed a writ of fieri facias in the hands of the sheriff. The levy on this writ was on the same day referred to the writ of Hallock, Cary & Company, and after advertisement the sheriff, on March 22, sold the goods. The sale realized $1,447, of which the sheriff applied to rent—the Hallock, Cary & Company writ—$434, and the balance, $1,012.56, he applied on the Sloan writ, although the writ was not returnable until the second Monday in May, and he had been notified that the money was claimed on the writs in the constable's hands.

On the next day after the writ of fieri facias on the Sloan judgment was put in the hands of the sheriff, appeals were taken and bails entered in each of the judgments before the alderman.

Transcripts of these appeals were duly taken and entered in the common pleas of Clinton county.

After the entry of the transcript on the 28th day of May, 1884, a rule to plead was entered on the defendant in each case; and although duly served, no plea was entered, and judgment was entered in each case, for default of a plea, on the 17th day of November, 1884.

At the hearing before the alderman defendant appeared in each case and admitted the correctness of the demand. He suffered judgment for default of a plea and testified in the trial of the cause that he had no defense to any of the claims.

This suit was brought upon the official bond of the sheriff.

to recover the amount which was due under the writs in the constable's hands. Plaintiffs claimed in the court below that this, with the other evidence, showed such a perversion of the right of appeal, and such a hindering and delaying of the plaintiffs in the prosecution of their respective causes, as rendered the appeals void, and left the constable's levies at the time of the sale good and valid; and the sheriff, having had due notice that this claim would be made and having paid the money to the plaintiffs in the Sloan writ long before the return day, is affected with notice, and, if the constable's levies were good, must pay the plaintiffs' judgments regardless of his payments to Sloan.

The court below, without delivering any charge to the jury or reason for his instructions, directed the jury to find for the defendants; whereupon plaintiffs brought error.

*C. S. McCormick,* for plaintiffs in error.—When the intention with which an act is done becomes the subject of inquiry, it belongs exclusively to the jury to decide. United States v. Quincy, 6 Pet. 466, 8 L. ed. 466.

Where matters alleged to be fraudulent are investigated in a court of law, it is the province of the jury to find the facts and determine their character. Gregg v. Sayre, 8 Pet. 244, 8 L. ed. 932.

Of the weight of evidence the jury are the judges; the intent was a question of fact, and peculiarly within their province. Briscoe v. Bronaugh, 1 Tex. 326, 46 Am. Dec. 119.

Fraud must be proved. A sale of chattels, however, without delivery, or a conveyance of land without consideration, is conclusively presumed to be fraudulent. Fraud is therefore a fact to be proved, like any other fact, by a preponderance of testimony. Kaine v. Weigley, 22 Pa. 183.

The question of fraud cannot be determined by the court. If there is any evidence it must be submitted to the jury. Mueller v. Schmidt, 42 Phila. Leg. Int. 307.

Whatever is done in fraud of a law is done in violation of it. The William King, 2 Wheat. 148, 4 L. ed. 206.

In Davis v. Ward, 1 Phila. 216, judgment was obtained before an alderman, execution issued, and levy made on defendant's goods; judgment was then confessed in court, execution issued, and an appeal taken from the judgment of the alder-

man; the goods levied on by the constable were then sold on the writ issued from court, and the money brought into court for distribution. The court held that if the appeal was taken for the purpose of hindering the plaintiff in the judgment before the alderman, and of giving priority to the other, it was a fraud, and the appeal would be treated as void.

*Charles Corss* and *W. C. Kress,* for defendants in error.—A judgment entered by a justice of the peace upon the confession of the party or his agent is subject to an appeal. Rowen v. King, 25 Pa. 409.

A conveyance of land by a debtor to a creditor to pay an existing debt is not fraudulent, although the parties contemplate that thereby the claims of other creditors will be defeated. Covanhovan v. Hart, 21 Pa. 495, 60 Am. Dec. 57.

An insolvent debtor may prefer one creditor to another, either by judgment, deed, or in any mode, except by an assignment in trust, if his motive be an honest intent to pay the preferred debts, although the unpreferred creditors be delayed or wholly prevented from obtaining judgment. York County Bank v. Carter, 38 Pa. 446, 80 Am. Dec. 494.

Justice WILLIAMS, in Bentz v. Rockey, 69 Pa. 76, says: "Where there is no question of bankruptcy, the law does not adjudge the sale or transfer of property by an insolvent debtor in satisfaction of his indebtedness, when accompanied by actual delivery of possession, to be fraudulent and void, if there is no intent to hinder, delay, and defraud creditors in the collection of their claims, though this may be the tendency and effect of such sale or transfer."

Where executions issued upon two judgments before a justice of the peace were returned the day after the levy, in consequence of appeals taken in each case, their liens upon the goods levied on were destroyed, and they were not entitled to payment out of the proceeds of the same property subsequently sold by the sheriff upon the execution of another creditor, although the appeals taken by the defendant were not entered up by the first return day of the ensuing term as required by law. Cope's Appeal, 39 Pa. 284.

Judge MAYER charged the jury in Leonard v. Dillon, 76 Pa. 45: "Had notice been received from the justice that the judgment was appealed from and the execution revoked or super-

seded, and the constable had then proceeded with the execution of the writ, he would have rendered himself liable as a trespasser." See, especially, O'Donnell v. Mullin, 27 Pa. 202, 67 Am. Dec. 458.

It is the motive of the creditor which must be looked into; and if that is honest and lawful, the intent of the debtor does not enter into the question. One cannot be prejudiced by the fraud of another of which he had no notice. Reehling v. Byers, 94 Pa. 316.

As a general rule the court will not order the proceeds of personal property to be paid into court; the sheriff must take the responsibility of distribution. Baum v. Brown, 11 W. N. C. 202; Marble Co. v. Burke, 5 W. N. C. 124; Dunn v. Megarge, 6 W. N. C. 204.

PER CURIAM:

The appeals of R. F. Sloan & Company from the judgments of the justice of the peace, by force of which the plaintiffs in this case claim to have and maintain their action against the defendant and his bail, superseded the executions issued on those judgments; hence they were not in the way of the distribution, made by the sheriff, of the money raised by the writs which were placed in his hands.

If in the aforesaid appeals there was actual fraud by which Alexander Sloan profited to the injury of the plaintiffs, he is the one to answer for it, and not the sheriff and his bail.

The judgment of the court below is affirmed.